IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TOMMY A. CARY, | § |
| Plaintiff, | § |
| v. | § C.A. No. 1:04CV0205 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § Judge Clark |
| Defendant. | § |

## NOTICE OF REMOVAL

Defendant Unum Life Insurance Company of America ("Unum Life"), for the purpose only of removing this cause to the United States District Court for the Eastern District of Texas, Beaumont Division, states:

1. <u>State Court Action</u>. This is an action filed in the 163rd Judicial District Court of Orange County, Texas, being numbered B-03-0890-C on the docket of said court and being a suit by Plaintiff Tommy A. Cary ("Cary") to recover benefits allegedly due under a disability insurance policy issued by Unum Life.

2. <u>Federal Jurisdiction</u>. Cary was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal. Unum Life was a Maine corporation with its principal place of business in Portland, Maine, both at the time this action was filed and as of the date of this removal. Unum Life thus was and is a citizen of Maine. Accordingly, diversity of citizenship existed, both at the time of the filing of this action and at the time of removal. The amount in controversy exceeds the sum or value of $75,000.00,

<u>NOTICE OF REMOVAL</u> - Page 1

exclusive of interest and costs. In Plaintiff's Original Petition and Application for Declaratory Relief (the "Complaint"), Cary seeks actual damages (including unpaid disability benefits and $250,000 in alleged equity losses), damages under the Deceptive Trade Practices Act, punitive damages, and attorney's fees. This Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed by Unum Life pursuant to 28 U.S.C. § 1441. Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division. Citation was served on Unum Life on March 18, 2004, which was the first time that Unum Life received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. As such, removal is timely under 28 U.S.C. § 1446(b).

3. <u>State Court Documents Attached</u>. Unum Life has attached hereto a copy of the Complaint (Exhibit 1), a copy of the Citation served on Unum Life (Exhibit 2), and a copy of Defendant's Original Answer (Exhibit 3). These documents constitute all of the pleadings that assert causes of action, all answers to such pleadings, and all of the process and orders served upon Unum Life, as required by 28 U.S.C. § 1446(a). Unum Life has also attached a certified copy of the state court docket sheet (Exhibit 4).

4. <u>Relief Requested</u>. Unum Life respectfully requests that the United States District Court for the Eastern District of Texas, Beaumont Division, accept this notice of removal and that it assume jurisdiction of this cause and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By: *Andrew C Whitaker*
Andrew C. Whitaker
State Bar No. 21273600
Attorney-In-Charge

OF COUNSEL:
Mark T. Davenport
State Bar No. 05418000

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. James E. Wimberley, McPherson, Monk, Hughes, Bradley & Wimberley, L.L.P., 3120 Central Mall Drive, Port Arthur, Texas 77642, on this 12th day of April, 2004.

*Andrew C Whitaker*
Andrew C. Whitaker

# EXHIBIT 1

NO. B030890-C

| | |
|---|---|
| TOMMY A. CARY | IN THE DISTRICT COURT OF |
| VS. | ORANGE COUNTY, TEXAS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | 163rd JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY RELIEF**

TO: THE HONORABLE JUDGE OF SAID COURT

COMES NOW, TOMMY A. CARY, Plaintiff in the above styled and numbered cause, hereinafter sometimes referred to as "Cary", and files this his Original Petition and Application for Declaratory Relief complaining of Unum Life Insurance Company of America, Defendant herein, hereinafter sometimes referred to as "Unum", and in support of said cause would show unto the Court as follows:

I.

Discovery in this matter is intended to be conducted under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

II.

Plaintiff, Tommy A. Cary, is an individual residing in Orange, Orange County, Texas.

Defendant, Unum Life Insurance Company of America, is a foreign corporation authorized to do business in the state of Texas, with registered agent for service in the state of Texas to wit: C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

III.

### Introductory Facts

Tommy A. Cary is a forty-seven (47) year-old individual who resides in Orange, Orange County, Texas. Cary was previously employed as a practicing dentist. He enjoyed a thriving practice in Orange, Orange County, Texas, where he generated a substantial income from his practice. He was a solo practitioner and therefore continued operation of his dental practice

CERTIFIED COPY

relied solely upon his efforts. Approximately ten years ago, Cary was contacted by an agent for Defendant Unum Life Insurance Company of America, who advised Cary that he should obtain disability insurance coverage in order to protect Cary and to provide Cary with at least a minimum level of income in the event, for whatever reason, Dr. Cary became disabled in the practice of dentistry. Cary, based upon numerous representations and warranties by Unum and its agent, purchased the disability insurance policy, including particularly disability insurance policy bearing policy number UM-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. This policy was in force at all particular times related to the matters detailed herein.

Cary would show that beginning in the early 1990's, Cary began experiencing substantial medical problems, including problems related to his hip, his heart and other medical problems which impacted his ability to continue the practice of dentistry. In large part based upon his refusal to accept these disabilities and in an effort to keep his practice afloat, which practice, as detailed hereinabove, was based upon his sole efforts, Cary continued to provide dental services to his customer base despite his dwindling physical condition. Ultimately, Cary's physical limitations became so severe that he had to have an entire hip replacement, is in need of a second hip replacement, has had heart surgery, and is in need of additional surgeries. Numerous medical doctors providing treatment to Cary have determined that he is not only disabled from the practice of dentistry, but more importantly, he is even totally disabled as that term is defined under the Social Security Disability Act. As such, it is clear that Cary is disabled, as that term is defined under the terms and conditions of the Unum policy. It is further clear that he is permanently disabled as that term is defined under the policy. Despite same, and despite filing an appropriate application with Unum, Unum refused to tender payment to Cary of the sums due and owing under the policy. Unum's basis for this denial was the inability of Cary to provide Unum with recent income tax records. Cary's inability to provide these income tax records was based upon the fact that his CPA had not prepared same due to the inability of Cary to tender payment to the CPA for preparation of the returns. Although the returns were

arguably necessary in order to verify income levels, including the nature and extent of the lost income sustained by Cary, it is uncontroverted that the Unum policy provided, and/or uncontroverted that Cary was advised that the policy provided, for a minimum level of disability payments to Cary, in the event of his disability, regardless of the impact upon his income levels. Despite this knowledge, Unum failed and refused to honor the policies, purportedly based upon the failure of Cary to provide appropriate income information. Cary has at all times cooperated with all requests by Unum as required under the terms and conditions of the policy. Despite same, Unum continued to fail and refuse to tender payment of disability sums due and owing under the policy. As a result of Unum's failure to tender benefits to Cary, Cary has sustained severe financial distress, including loss of income, which has in turn resulted in loss of various properties and assets owned by Cary due to his inability to tender payment of monthly indebtedness secured by these assets and properties. But for the failure of Unum to tender payment of sums due and owing under the disability policy, Cary would have been able to timely and completely tender payments to his various creditors. In fact, as a result of the failure of Unum to tender payments to Cary, Cary has actually lost substantial physical assets, through foreclosure proceedings or otherwise, which loss of physical assets, including certain real property, has resulted in a loss of substantial equity previously owned by Cary in excess of $250,000.00.

Plaintiff would show that as a result of the acts and omissions on the part of Unum, Plaintiff has sustained substantial damages in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. More particularly, Plaintiff would show that the acts and omissions of Unum were a producing and/or proximate cause of Plaintiff's damages for which he herein sues.

IV.

Breach of Contract

Restating all previous allegations, Plaintiff would show that the acts and omissions of the defendant Unum detailed hereinabove constitute a breach of Defendant's contractual obligations to Plaintiff, which breach was a producing cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. These actual damages include both economic and non-economic damages, direct and consequential damages, and other damages recoverable under the laws of the state of Texas for which Plaintiff herein sues.

V.

Deceptive Trade Practices Act

Restating all previous allegations, Plaintiff would show that the acts and omissions of the defendant Unum detailed hereinabove constitute violations of various provisions of the Texas Business and Commerce Code, Section 17.401, et seq, more commonly known as the Deceptive Trade Practices Act. Plaintiff would show that the acts and omissions of Unum constitute violations of the Deceptive Trade Practices Act including not only violations of the "laundry list items" detailed within the Act, but also violations and/or breach of certain expressed and implied warranties, certain unconscionable acts, and other acts in violation of the Deceptive Trade Practices Act. Plaintiff would show that these acts and omissions on the part of Unum were a producing cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. Further, Plaintiff would show that the acts and omissions of Defendant Unum resulted in damages to Plaintiff, both economic and non-economic, direct and indirect, for which Plaintiff herein sues. Plaintiff would further show that the acts and omissions of Defendant Unum were completed knowingly, for which the law allows the imposition of exemplary damages for which Plaintiff herein additionally sues.

VI.

## Negligent Misrepresentation

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendant Unum, both individually and by and through its authorized agent, constitute negligent misrepresentation, which negligent misrepresentation was a producing and/or proximate cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues.

VII.

## Violations of the Insurance Code

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendant Unum Life Insurance Company of America detailed hereinabove constitute violations of certain provisions of the Texas Insurance Code, including particularly Article 21.21, as well as other violations of the Texas Insurance Code, which acts and omissions were a producing and/or proximate cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. Plaintiff further seeks recovery of any additional and/or exemplary damages authorized as a result of violation of provisions of the Texas Insurance Code, together with recovery of interest, at the highest allowable rates, as authorized under the terms and conditions of the Texas Insurance Code.

VIII.

## Common Law Fraud/ Fraud in the Inducement

Restating all previous allegations, Plaintiff would show that the acts and omissions of Defendant Unum detailed hereinabove constitute common law fraud and/or fraud in the inducement, which fraudulent actions on the part of Defendant Unum were a proximate and/or producing cause of certain actual damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of this Court for which Plaintiff herein sues. Pleading further, Plaintiff would show that Defendant made, both directly and through its agent, certain

representations and warranties to Plaintiff regarding the nature and extent of the benefits to be provided to Plaintiff through acquisition of the disability policy, which representations and warranties Defendant knew were false. Plaintiff would show that Plaintiff reasonably relied upon these representations and warranties, much to his damage. Plaintiff would show that these acts and omissions on the part of Defendant Unum, both directly and by and through its agent, were a producing and/or proximate cause of certain substantial damages sustained by Plaintiff in sums far in excess of the minimum jurisdictional limits of the Court. Plaintiff would further show that the fraudulent activity detailed hereinabove is the type of activity that the law allows for the imposition of exemplary damages, for which Plaintiff herein additionally sues.

IX.

Plaintiff petitions the Court pursuant to the Declaratory Judgment Act, Chapter 37 of the Texas Civil Practices and Remedies Code, for a construction of the disability insurance policy made the basis of the pending cause of action, a declaration that the Defendant Unum is obligated to tender payment to Plaintiff of disability benefits under the terms and conditions of the policy, both in the past and continuing in the future, as required under the terms and conditions of the policy, and that Plaintiff is further entitled to recovery of additional "stepped up" benefits as provided under the terms and conditions of the policy, and determining the relative rights of the parties under the terms and conditions of the policy.

X.

Attorney's Fees

Restating all previous allegations, Plaintiff would show that due to the acts and omissions of Defendant Unum detailed hereinabove, Plaintiff was caused to retain the undersigned counsel and has agreed to pay the undersigned counsel a reasonable fee for which Plaintiff herein additionally sues. Plaintiff seeks recovery of Plaintiff's attorney's fees pursuant to provisions of the Texas Civil Practices and Remedies Code, Section 38.001, et seq, as well as pursuant to provisions of the Deceptive Trade Practices Act detailed hereinabove and

pursuant to Defendant's violation of certain provisions of the Texas Insurance Code also detailed hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff would request that Defendant Unum be cited to answer and appear herein and that upon final hearing, Plaintiff have judgment against Unum as follows: (a) recovery of Plaintiff's actual damages, both economic and non-economic, direct and consequential, in sums to be proven at the time of trial; (b) recovery of additional damages as authorized under the Deceptive Trade Practices Act; (c) punitive damages for Defendant's fraudulent activity as pled hereinabove; (d) prejudgment and post-judgment interest at the highest allowable rates; (e) recovery of Plaintiff's attorney's fees and costs of court; and (f) such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

McPHERSON, MONK, HUGHES,
BRADLEY & WIMBERLEY, L.L.P.
3120 Central Mall Drive
Port Arthur, TX 77642
(409) 724-6644
(409) 724-7585 - Facsimile

BY: _____
JAMES E. WIMBERLEY
State Bar No. 21750350

ATTORNEYS FOR PLAINTIFF,
TOMMY A. CARY


CERTIFIED COPY

# EXHIBIT 2

## THE STATE OF TEXAS

TO: UNUM LIFE INS COMPANY OF AMERICA  C/O C T CORPORATION SYSTEM
350 N ST PAUL STREET
SUITE 2900
DALLAS, TX. 75201

Defendant, NOTICE:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed at the District Clerk's Office at the Orange County Courthouse, 801 Division Street, or by mailing it to P. O. Box 427, Orange, Texas, 77630.

Said **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR DECLARATORY RELIEF**
was filed and docketed in the Honorable 163RD DISTRICT COURT of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 Division Street, Orange, Texas on JUNE 24, 2003 in the following styled and numbered cause:

CAUSE NO. 030890-C

**TOMMY A CARY VS UNUM LIFE INS COMPANY OF AMERICA**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is: JAMES E WIMBERLEY
3120 CENTRAL MALL DR   PORT ARTHUR, TX 77642

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this June 25, 2003.

VICKIE EDGERLY, District Clerk
Orange County, Texas

By: _____ Deputy

## RETURN

Came to hand on the ____ day of _____, 20__, at ____ o'clock __.M. and executed in _____ County, Texas, at ____ o'clock __.M. on the ____ day of _____, 20__, by delivering, in accordance with the requirements of law, to the within named _____ in person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____ the diligence used to execute being _____ the cause of failure to execute is _____ the defendant may be found _____

TOTAL FEES: _____

BY: _____

CERTIFIED COPY

# EXHIBIT 3

No. B-03-0890-C

| | | |
|---|---|---|
| TOMMY A. CARY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § | ORANGE COUNTY, TEXAS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § | 163RD JUDICIAL DISTRICT |



FILED
VICKIE EDGERLY
'04 APR -6 AM :01
ORANGE DISTRICT CLERK
BY_____ ORANGE COUNTY, TEXAS

## DEFENDANT'S ORIGINAL ANSWER

Defendant Unum Life Insurance Company of America ("Unum Life") files this original answer to Plaintiff's Original Petition and Application for Declaratory Relief (the "Petition") and states:

## ANSWER

1. Subject to such admissions and stipulations as may be made at the time of trial, Unum Life denies generally and specially the material allegations contained in the Petition and demands strict proof thereof in accordance with the requirements of the laws of this State.

## PRAYER

2. Unum Life respectfully requests the following relief:

   (a) That Plaintiff take nothing by reason of his suit;

   (b) That Unum Life recover its court costs; and

(c) That Unum Life have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*[signature: Andrew C Whitaker]*

Andrew C. Whitaker
State Bar No. 21273600
Mark T. Davenport
State Bar No. 05418000

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. James E. Wimberley, McPherson, Monk, Hughes, Bradley & Wimberley, L.L.P., 3120 Central Mall Drive, Port Arthur, Texas 77642, on this 5th day of April, 2003.

*[signature: Andrew C Whitaker]*

Andrew C. Whitaker

# EXHIBIT 4

# CIVIL DOCKET

Case No. **B 030890**

| NUMBER OF CASE | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING Mo. | Day | Year |
|---|---|---|---|---|---|---|
| **B 030890** | TOMMY A CARY | JAMES E WIMBERLY Pltf. | DAMAGES/OTHER | 06 | 24 | 03 |
| Jury Fee, $ Paid | VS UNUM LIFE INS CO OF AMERICA | Deft. | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | |
|---|---|---|---|---|---|
| Mo. | Day | Year | | VOL | PAGE |

CERTIFIED COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TOMMY A. CARY, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. _____ |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § | |
| Defendant. | § § | |

## LIST OF PARTIES AND COUNSEL

Plaintiff:   Tommy A. Cary

Mr. James E. Wimberley
State Bar No. 21750350
McPherson, Monk, Hughes, Bradley
  & Wimberley, L.L.P.
3120 Central Mall Drive
Port Arthur, Texas 77642
(409) 724-6644
(409) 724-7585 (telecopy)

Defendant:   Unum Life Insurance
Company of America

Andrew C. Whitaker
State Bar No. 21273600
Attorney-In-Charge
Mark T. Davenport
State Bar No. 05418000
Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (telecopy)

This removed case is currently pending. Neither party has requested a trial by jury.

This action has been removed from the 163rd Judicial District Court of Orange County, Texas, 801 W. Division, Orange, Texas 77631-0427.

LIST OF PARTIES AND COUNSEL - Page 1

Respectfully submitted,

By: _/s/ Andrew C. Whitaker_
Andrew C. Whitaker
State Bar No. 21273600
Attorney-In-Charge

OF COUNSEL:
Mark T. Davenport
State Bar No. 05418000

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. James E. Wimberley, McPherson, Monk, Hughes, Bradley & Wimberley, L.L.P., 3120 Central Mall Drive, Port Arthur, Texas 77642, on this 12th day of April, 2004.

_/s/ Andrew C. Whitaker_
Andrew C. Whitaker